```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

HOT-HED, INC.,                  §
                                §
        Plaintiff,              §
                                §
v.                              §       CIVIL ACTION NO. H-06-1509
                                §
SAFE HOUSE HABITATS, LTD.,      §
                                §
        Defendant.              §

MEMORANDUM AND ORDER

Pending is Plaintiff's Motion for Remand (Document No. 5). After carefully considering the motion, response, reply, and applicable law, the Court concludes that the motion should be denied.

I. Background

Plaintiff alleges that for 16 years it has sold under the trademark "Habitat" (the "Mark") a welding enclosure used by the offshore oil industry. According to Plaintiff, Defendant recently began using Plaintiff's Mark to sell, distribute, and advertise Defendant's own products, which include a welding enclosure similar to Plaintiff's. Plaintiff alleges that Defendant deliberately and intentionally has infringed on Plaintiff's Mark, has engaged in unfair competition by "trad[ing] on the goodwill and reputation [Plaintiff] has developed," and has created confusion regarding the sponsorship and source of the goods. *See* Document No. 1, ¶¶ 8, 17,

22.  Plaintiff sues for temporary and permanent injunctive relief, actual, compensatory and/or statutory damages; exemplary damages; attorney's fees and costs, and pre- and post-judgment interest.

Defendant, a foreign private limited company, removed the suit to federal court pursuant to 28 U.S.C. § 1441, contending that the rights asserted by Plaintiff, a Texas corporation, invoke federal question jurisdiction under 28 U.S.C. § 1331, and that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.  Plaintiff moves to remand, arguing that (1) Plaintiff has not asserted a cause of action arising under federal law; and (2) Defendant has not met its burden of proving that the amount in controversy exceeds $75,000.[1] Defendant responds that (1) Plaintiff has raised a federal question because it seeks relief--namely, attorney's fees--that is available only under that the Lanham Act; and (2) Plaintiff seeks punitive damages, which "mak[es] it more likely than not that the amount in controversy exceeds $75,000."  *See* Document No. 12 at 1-2.

## II.  Discussion

A state court action may be removed to federal court only if the action could have been brought in federal court originally. *See* 28 U.S.C. § 1441(a).  When a plaintiff moves to remand for lack of jurisdiction, the burden of establishing federal jurisdiction rests upon the defendant.  *See* Winters v. Diamond Shamrock Chem.

---

[1] It is undisputed that the parties' citizenship is diverse.

Co., 149 F.3d 387, 397 (5th Cir. 1998); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).  Because the removal statute is to be narrowly construed, any doubt as to the propriety of the removal must be resolved in favor of remand.  *See* Bosky v. Kroger Tex., LP, 288 F.3d 208, 211 (5th Cir. 2002).

To determine whether a lawsuit involves a federal question, courts generally follow the well-pleaded complaint rule. Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 188 (5th Cir. 2001).  Under this rule, the plaintiff is the master of his complaint, and, as such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint."  Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 680 (5th Cir. 2001) (quoting Carpenter, 44 F.3d at 366).  When a plaintiff has a choice between federal and state law claims, it may proceed in state court "on the *exclusive* basis of state law, thus defeating the defendant's opportunity to remove."  Id. (quoting Carpenter, 44 F.3d at 366).  Therefore, "to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action."  Id.

Here, Plaintiff's petition seeks recovery of its "attorney's fees . . . as allowed by law."  *See* Document No. 1 ex. A at 7. Defendant argues that Plaintiff has no basis for attorney's fees under Texas law, and only the Lanham Act, 15 U.S.C. § 1117(a),

3

provides the remedy that Plaintiff seeks.[2]  Plaintiff replies that it has not referenced the Lanham Act in its petition, and, "in any event," it is entitled to attorney's fees under Texas state law. *See* Document No. 14 ¶ 1.  Under Texas law, a party may recover attorney's fees only if provided by statute or by contract.  *See* Gulf State Util. Co. v. Low, 79 S.W.3d 561, 567 (Tex. 2002).  *See also* Stine v. Marathon Oil Co., 976 F.2d 254, 264 (5th Cir. 1992) (noting that Texas law does not permit the recovery of attorney's fees for tort claims).  Plaintiff cites Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Imp. Corp., 53 S.W.3d 799, 813 (Tex. App.--Austin 2001, pet. denied), for the proposition that a plaintiff under Texas law can recover attorney's fees for common law trademark infringement and dilution.  However, the fee award in Horseshoe Bay was not based upon the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.29.  Rather, the court granted attorney's fees under the Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.009, which permits the recovery of "reasonable and necessary attorney's fees as are equitable and just."  *See* Horseshoe Bay, 53

---

[2]To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege that (1) its mark is legally protectable; and (2) a likelihood of confusion exists between its mark and that of the defendant.  *See* CICCorp., Inc. v. AIMTech Corp., 32 F. Supp. 2d 425, 433-34 (S.D. Tex. 1998) (Lake, J.). Here, Plaintiff alleges that (1) its Mark is "distinctive and capable of registration as a trademark," and (2) Defendant's use of the Mark "caus[es] actual confusion and likelihood of confusion." Document No. 1 ex. A ¶ 8.  These allegations are sufficient to state a claim for trademark infringement under the Lanham Act.

S.W.3d at 813.  Here, Plaintiff does not seek declaratory relief or contend that it is entitled to attorney's fees under the Declaratory Judgments Act.  Plaintiff has not presented, and the Court cannot find, a state law statutory basis for an award of attorney's fees in this case.

However, the Lanham Act, which applies to unregistered marks like Plaintiff's, does permit the recovery of reasonable attorney's fees in "exceptional cases."  *See* 15 U.S.C. § 1117(a).  *See also* Taco Cabana Int'l, Inc. v. Two Pesos, Inc., 932 F.2d 1113, 1127-28 (5th Cir. 1991) (affirming attorney's fees award in action on unregistered trade dress), *aff'd*, 112 S. Ct. 2753, 2757 (1992) (noting that the Lanham Act's protection and remedies extend to unregistered marks).  An "exceptional case" under the Lanham Act is one where the violative acts can be characterized as malicious, fraudulent, deliberate, or willful.  *See* Pebble Beach Co. v. Tour 18 I Ltd., 155 F.3d 526, 555 (5th Cir. 1998) (quoting Seven-Up Co. v. Coca-Cola Co., 86 F.3d 1379, 1390 (5th Cir. 1996)); March Madness Athletic Ass'n LLC v. Netfire Inc., 120 Fed. Appx. 540, 546 (5th Cir. Jan. 24, 2005) (unpublished).  Here, Plaintiff alleges that Defendant has attempted to "lure and confuse customers away from [Plaintiff]'s product" by "deliberate[ly] and intentional[ly]" infringing on Plaintiff's Mark--a mark that Plaintiff has used continuously for over 16 years.  *See* Document No. 1 ex. A ¶¶ 8, 15, 17.  Plaintiff alleges that Defendant's deliberate and intentional

5

infringement has "create[d] confusion and a likelihood of confusion regarding the sponsorship and source of goods," and has damaged and will continue to damage Plaintiff.  *See* id. Plaintiff also implies the exceptional nature of the case by praying that exemplary damages be adjudged against Defendant.  These allegations, if ultimately proven, may constitute the type of "exceptional" conduct that warrants an award of attorney's fees under the Lanham Act.  Therefore, from the face of Plaintiff's well-pleaded complaint, Plaintiff seeks relief that is authorized, if at all, only under the Lanham Act.  *See, e.g.,* Gateway 2000, Inc. v. Cyrix Corp., 942 F. Supp. 985, 993 (D.N.J. 1996) (in determining the propriety of removal, a court should consider whether plaintiff "refer[s] to any relief available *only* under the Lanham Act.") (emphasis in original); Medina, 238 F.3d at 680 (district court properly denied remand where a plaintiff claimed to seek recovery under Texas law but amended his complaint to seek specific remedies, including back pay and liquidated damages, which were available solely under the Age Discrimination in Employment Act).  Because the face of Plaintiff's well-pleaded complaint reveals that Plaintiff "is not proceeding on the exclusive basis of state law," *see* id., Plaintiff's Motion for Remand will be denied.[3]

---

[3] Because the Court has federal question jurisdiction, it is not necessary to consider Defendant's additional argument that the Court also has diversity jurisdiction.

## III.   Order

For the reasons set forth, it is hereby

ORDERED that Plaintiff's Motion for Remand (Document No. 5) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 18th day of October, 2006.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE