IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HOT-HED, INC.,                    §
                                  §
              Plaintiff,          §
                                  §
v.                                §        CIVIL ACTION NO. H-06-1509
                                  §
SAFE HOUSE HABITATS, LTD.,        §
                                  §
              Defendant.          §

MEMORANDUM AND ORDER

The background for this suit and identities of the parties may be found in the Court's prior Memorandum and Order entered October 18, 2006.  The Fifth Circuit held that this case does not present a federal question and remanded to this Court to consider whether Defendant Safe House Habitats, Ltd. has met its burden to demonstrate that diversity jurisdiction exists.

Federal district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are diverse.  28 U.S.C. § 1332.  Since the diversity of the parties is not in dispute, the sole issue here is whether the amount in controversy exceeds $75,000.  The removing party bears the burden of establishing that federal jurisdiction exists.  De Aquilar v. Boeing Co. (De Aquilar II), 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 116 S. Ct. 180 (1995).  Any doubt as to the propriety of the removal is to be resolved in favor of remand.  *See*

Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

Where, as here, the plaintiff's complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." De Aquilar II, 47 F.3d at 1409 (quoting De Aquilar v. Boeing Co. (De Aquilar I), 11 F.3d 55, 58 (5th Cir. 1993)); see also Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount. Manguno, 276 F.3d at 723; Simon, 193 F.3d at 850; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

Here, Defendant did not file an affidavit with its Notice of Removal or submit any other "summary judgment type evidence" of facts in controversy; hence, "removal was proper only if the jurisdictional amount was 'facially apparent' from the complaint." See Simon, 193 F.3d at 850. Plaintiff, who sells a welding enclosure under the trademark "Habitat," alleges in its petition that Defendant "recently began trading on [Plaintiff's] good name and goodwill and reputation" by using Plaintiff's trademark in

connection with the sale of Defendant's own welding enclosure, and Defendant has "attempt[ed] to sell [its goods] in competition with Plaintiff," which has caused unquantified damages.   Defendant asserts that it is facially apparent from Plaintiff's complaint that Plaintiff seeks recovery in excess of $75,000 because Plaintiff claims (1) injunctive relief to prevent Defendant from using Plaintiff's trademark at an "2006 Offshore Technology Conference in Houston, Texas and thereafter;" and (2) unquantified exemplary damages "as allowed by law."   Defendant correctly argues that "[f]or amount in controversy purposes, the value of injunctive relief is the value of the right to be protected or the injury to be prevented."   *See* Document No. 12 at 4 (citing St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998)).   However, Plaintiff does not allege and Defendant provides no facts, proof, or argument of the value of the right to be enforced or protected.   There is, for instance, no allegation or evidence of the price for a welding enclosure or of the amount that would be implicated if Defendant were enjoined from selling the product and/or its related accessories at the trade show or thereafter.   It is not facially apparent that the value of the requested injunctive relief likely exceeds $75,000, and Defendant has not met its "affirmative burden to produce information, through factual allegations or an affidavit," that is sufficient to

demonstrate the requisite jurisdictional amount. *See* <u>Simon</u>, 193 F.3d at 851.

Defendant also relies on Plaintiff's claim for "[e]xemplary damages as allowed by law," arguing that such a claim "generally raise[s] the total amount in controversy over the $75,000 jurisdictional limit."[1] However, the preponderance burden requires

---

[1]Defendant string cites four cases for the proposition that a claim for punitive damages alone "generally raise[s] the total amount in controversy over the $75,000 jurisdictional limit." The cases cited do not stand for such a bright-line rule. *See* <u>Bell v. Preferred Life Assurance Soc.</u>, 64 S. Ct. 5, 6 (1943) (amount in controversy met where $1,000 in actual damages were recoverable and plaintiff's allegations equivalent to gross fraud supported viable punitive damages sufficient to result in a total award that to a legal certainty might exceed the jurisdictional threshold of $3,000; <u>Dow Agrosciences L.L.C. v. Bates</u>, 332 F.3d 323, 326 (5th Cir. 2003) (considering "summary judgment type evidence" such as demand letters from different claimants claiming specified damages of from $18,242.50 to $37,992.50, and finding the requisite jurisdictional sums were in controversy inasmuch as the "actual claims . . . are substantially greater because the DTPA permits a plaintiff to recover the costs of litigation, pre and post-judgment interest, and treble damages," and claimants also sought future damages, $10,000 each in attorney's fees, and punitive damages). The two cases that apply the "facially apparent" standard are also distinguishable. *See* <u>Allen</u>, 63 F.3d at 1329, 1326 ("applying common sense" and concluding that total claim for punitive damages more likely than not exceeded $50,000, as suit involved "three companies, 512 plaintiffs, and a wide variety of harm allegedly caused by wanton and reckless conduct" related to an oil and gas well explosion that caused "property damage and wide-ranging, physical and mental injuries from the explosion and release of toxic fumes."); <u>Am. Heritage Life Ins. Co. v. Lang</u>, 321 F.3d 533, 537 (5th Cir. 2003) (facially apparent that damages sought were likely above $75,000 in suit involving "ten loans and the purchase of multiple, allegedly unnecessary insurance products over seven years," where plaintiff asserted 8 claims and sought "significant compensatory and punitive damages well in excess of $75,000."). The instant case, by contrast, involves one plaintiff and one defendant, and Plaintiff alleges in its petition that Defendant only "*recently* began trading on [Plaintiff's] good name" in connection with a trade show conducted in 2006.

a defendant to do more than point to a state law that *might* allow
a plaintiff to recover damages above the jurisdictional limit. *See*
<u>Powell v. Nat'l Action Fin. Servs., Inc.</u>, No. H050806, 2005 WL
1866150, at *3-4 (S.D. Tex. Aug. 4, 2005) (remanding where
defendant "point[ed] to . . . the Texas Debt Collection Practices
Act and the DTPA to argue that if exemplary and treble damages are
awarded, the amount in controversy would exceed $75,000," but
defendant failed to present facts or substantive proof that "the
*actual* amount in controversy exceeds $75,000.") (emphasis added),
*citing* <u>De Aquilar II</u>, 47 F.3d at 1412.  Here, Plaintiff claims
exemplary damages only "as allowed by law," and Defendant does not
identify a specific basis for an award of punitive damages. *Cf.*
<u>Bell</u>, 64 S. Ct. at 6 (punitive damages should be included in
determining the jurisdictional amount only where they are
"*recoverable* under a complaint.") (emphasis added).  Assuming the
Defendant intended to cite TEX. CIV. PRAC. & REM. CODE § 41.003(a)
(which permits the recovery of exemplary damages upon a showing of
fraud, malice, or gross negligence), Defendant has not identified
any allegations of fraud, malice, and/or gross negligence in
Plaintiff's complaint to support a punitive damage award under this
statute.   Moreover, the mere fact that exemplary or punitive
damages may be recoverable does not establish that the amount in
controversy is met. *See, e.g.,* <u>Powell</u>, 2005 WL 1866150, at *3-4
(remanding although exemplary and treble damages may have been

recoverable under the Texas Debt Collection Practices Act and the
DTPA because it was not facially apparent that the amount in
controversy was met, and defendant presented no facts or proof
thereof); Sims v. AT&T Corp., No. 04-CV-1972-D, 2004 WL 2964983, at
*5 (N.D. Tex. Dec. 22, 2004) (Fitzwater, J.) (remanding because
"[i]t is not facially apparent that [plaintiff]'s claims for
economic damages, attorney's fees, and punitive damages--
individually or considered together--involve in excess of
$75,000."); Farrar v. Wal-Mart Stores, No. SA-2004-CA-0775-FR, 2004
WL 2616303, at *1, *5 (W.D. Tex. Nov. 16, 2004) (Furgeson, J.)
(remanding because defendant failed to show by a preponderance of
the evidence that amount in controversy met in employment
discrimination case, although plaintiff claimed "unspecified relief
for mental anguish, general and specific actual damages, lost
earnings, reinstatement, attorney's fees, and punitive or exemplary
damages.").   In sum, even if Plaintiff's claims including
injunctive relief and exemplary damages "as allowed by law"
arguably could exceed $75,000, such is not facially apparent from
the complaint, and Defendant has presented no additional facts or
proof in support of federal jurisdiction. *See* Simon, 193 F.3d at
851 (because defendant was "faced with a complaint that described
damages inadequately to support removal," defendant had an
"affirmative burden to produce information" to show by a
preponderance of the evidence that the amount in controversy

6

exceeded $75,000).  Defendant therefore has not carried its burden to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000, and hence, the Court is unable to find that it has diversity jurisdiction.

Plaintiff also asks the Court to grant Plaintiff its court costs, expenses, and attorney's fees.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "The application of § 1447(c) requires consideration of the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case."  Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). In other words, the court must determine "whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  Id.  After careful consideration of all the circumstances, the request for attorney's fees and expenses is denied.

## IV.  Order

For the foregoing reasons, it is

ORDERED that Plaintiff's Motion to Remand (Document No. 5) is GRANTED, the request for attorneys' fees and expenses is DENIED,

and this case is REMANDED to the 215th Judicial District Court of
Harris County, Texas.

The Clerk shall notify all parties and provide them with a
true copy of this Order.

SIGNED at Houston, Texas, on this 12th day of February, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

8